UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR J. RODRIGUEZ,

    Petitioner,

v.                                              Case No. 6:08-cv-186-Orl-31GJK

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges four claims for relief in his habeas petition: 1) the trial court was without jurisdiction "regarding the State's refiled charges, nol prossed in 1999, after expiration of speedy trial"; 2) counsel was ineffective for failing to file a motion to discharge; 3) counsel was ineffective for failing to file a motion to withdraw his plea; and 4) counsel was ineffective for failing to move to dismiss the charging document.

I.      *Procedural History*

Petitioner was charged by information with two counts of capital sexual battery (counts one and three) and one count of lewd act upon a child (count two). Petitioner entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to attempted sexual battery (a lesser included offense of count one) and to lewd act upon a child (count two). The trial court held a hearing on the pleas and ultimately accepted them. The trial court then adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to each count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

II.     *Legal Standards*

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claim One

Petitioner argues that the trial court was without jurisdiction "regarding the State's refiled charges, nol prossed in 1999, after expiration of speedy trial." This claim was raised on direct appeal.

An information was filed in case number CR98-13231 on October 26, 1998, and it contained seven counts. (Appendix A at 187.) There were five counts of capital sexual battery (counts one through four and six), and two counts of lewd act upon a child (counts five and seven). The pre-trial conference was scheduled to occur on February 3, 1999, and the trial was scheduled to occur on February 15, 1999. At the pre-trial conference, the trial court granted a motion for a continuance requested by Petitioner's attorney. *Id*. at 254. The trial commenced on April 22, 1999, and, at that time, the State entered a nolle prosequi as

to all counts. *Id.* at 255.

On July 11, 2001, a new information was filed in case number CR01-9533, which is the subject of the instant habeas petition. Petitioner claims that the trial court was without jurisdiction to proceed with the later case because the State previously entered a nolle prosequi as to all counts.

"It is axiomatic under Florida law that a trial continuance granted at the request of the accused constitutes a waiver of the right to a speedy trial under rule 3.191." *State v. Gibson*, 783 So. 2d 1155, 1158 (Fla. 5th DCA 2001). In addition, "Florida courts have consistently held that a waiver of speedy trial as to the initial information applies to amended informations or subsequently filed informations that charge additional crimes provided those crimes arise out of the same criminal episode as the crime initially charged." *Id.* at 1159. Accordingly, "when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode." *Stewart v. State*, 491 So. 2d 271, 272 (Fla.1986).

In the present case, Petitioner waived his right to speedy trial when he requested a continuance, and the State was allowed to file the new information more than one year after the expiration of the original speedy trial time-period.[3] Thus, the claim is without

---

[3]Once the speedy trial rule has been waived, it is supplanted by the "constitutional speedy trial period," which is measured by tests of reasonableness and prejudice and not by specific numbers of days. *Blackstock v. Newman*, 461 So. 2d 1021, 1022 (Fla. 3rd DCA 1985). Here, Petitioner has not shown unreasonableness or prejudice.

merit.

## B. *Claims Two, Three, and Four*

Petitioner states in claim two that counsel was ineffective for failing to file a motion to discharge; in claim three that counsel was ineffective for failing to file a motion to withdraw his plea; and in claim four that counsel was ineffective for failing to move to dismiss the charging document. Petitioner alleges that counsel should have filed a motion to discharge because the State was not permitted to "refile charges once [it] had nol prossed and [the] speedy trial period had run" (claim two); that counsel should have moved to withdraw his plea since the trial court was without jurisdiction over the "refiled charges" because of the speedy trial violation (claim three); and that counsel should have moved to dismiss the information since the trial court "lacked jurisdiction to try him on the refiled charges" because of the speedy trial violation (claim four). These claims were raised in Petitioner's Rule 3.850 motion, and they were denied.

As discussed above with regard to claim one, there was no speedy trial violation in this case. Petitioner waived his right to speedy trial when he requested a continuance, and the State was allowed to file a new information. Thus, counsel's conduct was not deficient, and there has been no showing of prejudice. Accordingly, it cannot be said that the state court's denial of these claims was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence"; therefore, these claims are denied. *See* 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to

7

be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Hector J. Rodriguez is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18th day of May, 2009.

                                          GREGORY A. PRESNELL
                                     UNITED STATES DISTRICT JUDGE

Copies to:

sa 5/18

Counsel of Record

Hector J. Rodriguez